|1KNOLL, Judge, dissenting.
I respectfully dissent from the majority’s affirmation of the hearing officer’s determination that Jerry Barton, the injured worker who was 41 years of age, was not entitled to *397 worker’s compensation benefits for a heart attack that occurred on the job.
In Harold v. La Belle Maison Apartments, 94-889 (La. 10/17/94); 643 So.2d 752, the Louisiana Supreme Court stated:
This statute [LSA-R.S. 23:1021(7)(e) ] makes it more difficult for a claimant to prove that heart-related and perivascular injuries suffered on the job are compensa-ble. Specifically, the amended statute changes the law in such cases in at least three respects. First, it heightens the burden of proof the claimant must show from a preponderance of the evidence to clear and convincing evidence. Second, it changes the standard that the claimant’s physical work stress must be compared to, requiring his or her physical work stress to be extraordinary and unusual when compared to the physical work stress of the average employee in that occupation. Third, it heightens the required causal link between that work stress and the heart injury by requiring the physical work stress to be the predominant and major cause of the heart-related or perivascular injury.
[[Image here]]
The first prong of the amended statute requires plaintiff to prove by clear and convincing evidence that the physical work stress she experienced was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation. “Extraordinary” is defined as “going beyond what is usual, regular, or customary.” “Unusual” is defined as “not usual” and “uncommon;” that is, not in accordance with usage, custom, or habit. As is apparent from these definitions, the terms “extraordinary” and “unusual” have similar meanings. We hold that these terms require plaintiff to prove that her physical work stress went beyond what was usual, regular or customary in relation to the average employee in that occupation. (Citations omitted.)
Id. at 755.
In the case stib jtidice, Barton experienced severe arm and chest pain at work while he was manually pulling an 83 pound hydraulic motor off of a cement mixer. Barton testified that there was a metal bracket on the top of the motor that enabled a mechanic to use a chain lift to remove the motor. He further stated that although a lift was available at the shop, he was unable to utilize the lift because of the uneven condition of the shop floor and the crowded conditions of the shop which forced him to work on the motor on the outside of the shop.
The majority simply states that since Barton’s co-employees had to remove hydraulic motors in the same manner, Barton failed to demonstrate that the physical work stress that he experienced was extraordinary and unusual. This I find is error and does not comply with the explanation of the statute referenced above in Harold v. La Belle Maison Apartments, supra.
The record shows that Barton has established by clear and convincing evidence that his physical work stress was extraordinary and unusual, i.e., his working conditions were such that he had to work outdoors to safely complete this hwork assignment without being able to use the lift. Similarly, the medical testimony of Dr. Joseph W. Landreneau, a board certified cardiologist who treated Barton for his heart attack, showed that the physical strain of lifting a heavy object can precipitate a heart attack. In the present case, although Dr. Landreneau stated that Barton’s family had a history of heart disease and that Barton possibly had some plaque buildup at the age of 41, Barton’s health profile did not exhibit the majority of risk factors usually associated with heart disease. Moreover, even if Barton had some of the risk factors, he cannot be denied worker’s compensation benefits for this on-the-job heart attack because he may have had unknown coronary artery disease. In Harold v. La Belle Maison Apartments, supra at 757, the Louisiana Supreme Court stated that it was not the intention of the legislature to eliminate all individuals with coronary artery disease from coverage of the worker’s compensation laws.
For these reasons, I would reverse the hearing officer’s denial of worker’s compensation benefits.